UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANNON WICKER,<br>    *Defendant*. | No. 3:20-cr-00006 (JAM) |

ORDER DENYING EMERGENCY MOTION
FOR TEMPORARY RELEASE ON BOND

Defendant Shannon Wicker has entered a plea of guilty to a firearms crime, and in light of the COVID-19 crisis he moves for temporary release on bond. Because I conclude that Wicker has not made a sufficient showing to allow for his release, I will deny his motion.

**BACKGROUND**

On January 15, 2020, Wicker entered a plea of guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His guilty plea requires a mandatory minimum sentence of at least five years imprisonment.

Wicker's guilty plea stemmed from his arrest during the course of a search warrant at his home on October 16, 2019. Officers found Wicker in bed with a loaded firearm on the floor near the head of the bed. The firearm was cocked to the rear, prepared to fire. Officers also found heroin, cocaine, and marijuana in the apartment. Wicker admitted that the gun and drugs were his. He told the officers he has been selling drugs for 18 years and that he is a member of a street gang. He also told the officers in essence that they were lucky he had not gotten to his gun or there would have been bloodshed.

As detailed in the presentence report, Wicker has many prior criminal convictions since 2004, including convictions for third-degree assault, possession of narcotics (four convictions), breach of the peace (two convictions), interfering/resisting arrest (two convictions), failure to

1

appear (three convictions), running from the police, sale of a controlled substance (two convictions), criminal trespass, use of a motor vehicle without a permit, tampering with evidence, possession of a weapon in a motor vehicle without authorization (two convictions), possession of an unlicensed firearm, and operating a motor vehicle under the influence.

These convictions add up to 21 criminal history points under the Sentencing Guidelines, far in excess of the number of criminal history points required to place him in the highest criminal history category. Many of Wicker's criminal convictions occurred while he was on supervision from a prior conviction, and he has accumulated more than two dozen disciplinary tickets during his various terms of imprisonment.

On April 30, 2020, Wicker moved for temporary release on bond in light of the risk he faces from the COVID-19 virus at the Donald W. Wyatt Detention Facility where he is currently imprisoned. Wicker states that numerous inmates at Wyatt have tested positive for COVID-19, and he states that he is medically vulnerable because of asthma, syncope (fainting), and a severe sinus infection. The Government opposes Wicker's motion.

## DISCUSSION

Under 18 U.S.C. § 3143(a)(2), a person convicted of possession of a firearm in furtherance of a drug trafficking crime generally must be detained pending sentencing unless the Court finds that certain conditions are satisfied. *See* 18 U.S.C. § 3143(a)(2) (cross-referencing to § 3142(f)(1)(B), which includes offenses such as 18 U.S.C. § 924(c) which are subject to maximum of life term of imprisonment).

A court may release the defendant if it finds (A) that "there is a substantial likelihood that a motion for acquittal or new trial will be granted," *or* that "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," *and* (B) if the court

"finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(A)-(B). Alternatively, a court may release a defendant if it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," *and* that "exceptional reasons" justify release. *See* 18 U.S.C. § 3145(c) (incorporating flight-or-danger criteria of 18 U.S.C. § 3143(a)(1)); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004).

The first grounds for release do not apply: Wicker has pled guilty, and the Government has indicated in no uncertain terms that it intends to recommend a sentence of imprisonment be imposed. In addition, Wicker has failed to show by clear and convincing evidence that he is not a danger to the community. His record reflects a very long pattern of crime, much of it involving the misuse of firearms. His most recent arrest with drugs and a loaded firearm is consistent with this record. He would pose an unacceptable risk to the community if he were released.

Nor has Wicker shown that there are "exceptional" reasons under 18 U.S.C. § 3145(c) to warrant his release (or any other "compelling" reason for release under 18 U.S.C. § 3142(i)). Wicker is only 34 years old, and he has not substantiated his claim of any health conditions that render him particularly susceptible to the COVID-19 virus. *See, e.g.*, *United States v. Smith*, 2020 WL 2110686, at *3-4 (E.D.N.Y. 2020) (no exceptional reasons under § 3145(c) where defendant failed to show health condition to show increased risk of harm from COVID-19 virus); *United States v. Jones*, 2020 WL 1934997, at *6 (S.D.N.Y. 2020) (same).

## CONCLUSION

For the foregoing reasons, Wicker's emergency motion for temporary release on bond (Doc. #38) is DENIED. It is so ordered.

Dated at New Haven this 5th day of May 2020.

                                                          /s/ *Jeffrey Alker Meyer*
                                                          Jeffrey Alker Meyer
                                                          United States District Judge